DECISION
Heard before the Supreme Court on February 24, 2007 before Chief Justice Mary Jo Hunter, Associate Justice Mark Butterfield and Associate Justice Dennis Funmaker.
This case involves an interlocutory appeal -from the HCN Trial Court which rendered an Order (Granting Injunction), December 5, 2006. In its decision the Trial Court granted a preliminary injunction preventing the removal of the President of the Ho-Chunk Nation by the General Council. See CV 06-109 (HCN Tr. Ct. Dec. 5, 2006). After review of that decision, we find error and now reverse.
FACTS
The facts as laid out by the Trial Court are concise and adequate. In its decision, the Trial Court recites that George Lewis was served with charges at a regular Legislative meeting on October 17, 2006 by a Tribal member. The charges the President was served with concerned chiefly the negotiation and execution of a commercial contract with a firm called SMP.[1] Those dissatisfied with the SMP contract listed four charges they claimed constituted malfeasance in negotiating and executing the SMP contract by the President, George Lewis. See Findings of fact 7-10, in CV 06-109.
As President, George Lewis had previously called the annual meeting of the General Council for November 11, 2006, Veteran’s Day. On that date at the location set for the General Council, a quorum of 20% of the Ho-Chunk Nation electorate appeared and motions were made to place the removal of George Lewis as President of the Ho-Chunk Nation based on the SMP charges served on hi m i n October. The presiding officer selected to chair the meeting of the General Council was Francis Decorah, the appellant in this case.[2] President Lewis was given at least 10 minutes to address the charges against him but called no witnesses or supporters on his behalf, nor did he present any documents to the assembled members of the General Council which might refute or undermine the charges brought against him. President Lewis himself rested his defense and called the question on the question of whether he should be removed.
The vote of the membership went against President Lewis and he was voted to have committed malfeasance by a tally of 584 or 59% to 341 or 39% with some 71 *43 members abstaining. The Chair declared that the motion had passed and that President Lewis was thereby removed from office.
PROCEDURAL HISTORY
Shortly thereafter, President Lewis filed a Complaint in the Trial Court on November 15, 2006 contesting the legality of his removal. Service of the Complaint was made the same day. The Trial Court requested Briefing by Amici, the HCN Dept, of Justice on November 17, 2006.[3] A Brief was filed by the Defendants November 22, 2006 and an initial hearing was scheduled for November 27, 2006 shortly after the Thanksgiving Day break. Prior to the hearing numerous documents were filed pursuant to open discovery favored by the HCN Courts including General Council Policy documents, a confidential Legal memorandum dated October 18 addressing the Charges for Removal and concluding they were baseless, and the SMP Contract itself. Hearing Notices were sent out for a Preliminary Injunction for 9 a.m. November 27, 2006 at the Ho-chunk Nation Court House.
At the Preliminary Hearing on November 27, 2006, the Trial Court accepted testimony, exhibits and conducted a hearing on the matter of whether President Lewis had been properly removed from office pursuant to the HCN Constitution. Art. IV. It then issued its decision on the matter on December 5, 2006 granting a preliminary injunction preventing George Lewis removal and an election to fill the position of the Legislative seat held by the Vice President who by virtue of his temporary elevation to President pro tempore leaves his Legislative seat unfilled.
The Trial Court then held a Scheduling hearing and entered a Scheduling Order on December 12 2006 to determine whether the Preliminary Injunction should be made permanent and to deal with remaining matters.
Shortly thereafter, Francis Decorah filed an appeal of the Trial Court’s Order of December 5, 2006 and sought to overturn it in an interlocutory appeal. See Notice of Appeal and Petition for Lea ve to File an Appeal of an Interlocutory Order filed in SU-06-07 on December 15, 2006. The Supreme Court granted Francis Deco-rah’s Petition for Leave to File an Appeal on December 29, 2006 and entered a Scheduling Order which invited more full participation by the parties below and set the case on a fast track due to its political importance to the Ho-Chunk Nation. Briefing was timely filed by all parties, separate motions to recuse Justice Butter-field and Justice Funmaker were denied and Oral Argument was held on Saturday, February 24, 2007 after one postponement.[4]
STANDARD OF REVIEW
The relevant facts i n this case were found before the Trial Court. This appeal is based not on a dispute of fact but solely on an interpretation of law as to whether or not the Trial Court properly interpreted the HCN Constitution. On questions of law and constitutional interpretation the Supreme Court applies the de novo standard of review. Robert Mudd *44 v. HCN Legislature et al. SU 03-02 (HCN S.Ct. Apr. 8, 2003).
DISCUSSION
This Court is asked to determine once again what the bounds of the authority of the General Council are within the framework of the Ho-Chunk Nation Constitution. In the past both the Trial Court and the Supreme Court have weighed in on limitations imposed by the HCN Constitution on the powers of the General Council. In Coalition for Fair Government II v. Chloris A. Lowe Jr. et. al, CV 96-22 (HCN Tr. Ct. July 23, 1996), the Court stated that the General Council had the authority to determine what acts of Legislators constituted malfeasance subject to the limits of the HCN Constitution itself. Id. at 19. There the Court opined in dicta, that, “jmjalfeasance cannot be charged for doing a lawful act such as doing one’s job.” Id,, at 19. However, the ruling in that case turned not on what constituted malfeasance but in the fact that the removal attempted there violated the notice and opportunity to be heard limitations of the HCN Constitution. Id at 17. “The Notices provided to the Legislators are defective in that they failed to cite any specific instance of misconduct or wrongdoing that might arguably be called malfeasance.” In that ease, the Court ultimately adopted a procedural safeguard for Legislators, Judicial Officers and the President requiring that Notice of Intent to Remove be made at a minimum of ten (10) days prior to the General Council so that the political office holder should have some minimal time-frame to prepare a defense to the charges.
This notice provision was later upheld in Coalition for Fair Gov’t II et. al v. Chloris A. Lowe Jr. CV 96-22 & 24 (HCN Tr. Ct. Jan 3, 1997) (Notice given ten 10 days prior to General Council held valid). See also Jacob Lonetree et. al v. Robert Fun-maker et al., CV 00-105 at 10 (HCN Tr. Ct. Dec. 12, 2000) (individual tribal member capable to serving notice of charges of malfeasance as a petition for redress of grievances) affd Jacob Lonetree et. al v. Robert Funmaker et al, SU 00-16 (HCN S.Ct. Mar 16, 2001) (“HCN Courts are extremely reluctant to interfere with the political decision of the General Council”).
This Court has also defined who can proffer charges of malfeasance in Lonetree, SU 00-16 (HCN S.Ct. Mar. 16, 2004) (Chief Justice Hunter dissenting). In that case, the Court agreed that an adult member could serve charges upon a political office holder for removal. In doing so the Supreme Court reiterated that the HCN Courts are “extremely reluctant to interfere with the political decisions of the General Council.” id. at 8. A review of the various removal attempts at General Council shows that the HCN Supreme and Trial Courts have previously upheld challengers actions when they invoked procedural due process rights or outright prohibitions explicitly mentioned in the HCN Constitution. E.g. Roger Littlegeorge v. Lowe, et. al CV 96-21 (HCN Tr. Ct. June 4, 1996) (General Council specifically forbidden from reviewing decisions to hire or fire personnel pursuant to HCN CONST. ART. IV § 4). Up to now the HCN Courts have not ruled that a challenger has a right to substantive due process. We decline to do so today and therefore reverse.
The Supreme Court holds today that the issue of whether a political office holder has a right to challenge whether or not he or she has committed malfeasance is up to the General Council in the first instance. This is in accord with this Court’s leading case on the subject, Jacob Lonetree et. al. v. Robert Funmaker et al., SU 00-16 (Mar. 12, 2000). There this Court held specifically that the HCN *45 Courts will not examine the substance of the charges of malfeasance as those are up to the General Council in the first instance.
Defining malfeasance gets the Courts into murky political waters which undermines the paramount political branches authority to make its own political judgments. The HCN Const. Art. IV § 3(f) states generally that the decisions of the General Council are binding. What the Trial Court did in reviewing the charges of malfeasance was to substitute its legal judgment for the political judgment of the General Council after quorum was reached, Notice was given and the political office holder had the opportunity to be heard. Fundamentally, the job of determining whether malfeasance has occurred is up to the branch of government entrusted to it, here the General Council not the Courts.
This is almost exactly analogous with the U.S. Senate being given the authority to decide whether the President has committed a high crime or misdemeanor pursuant to the U.S. Constitution. No where is “high crime or misdemeanor” defined in the U.S. Constitution and no where is malfeasance defined in the HCN Constitution.
In the past the Ho-Chunk Nation Court have stated that malfeasance cannot be charged with doing one’s job in Coalition for Fair Gov’t II, quoted earlier, that case came early on in the history of the Ho-Chunk Nation Courts barely a year after their formation and during the difficult time of the first implementation of the new 1994 HCN Constitution. Since then the Ho-Chunk Nation has grown and adapted to the new Constitutional contexts. While the Court in Coalition for Fair Gov’t II pointed out that a vote to recall an elected official pursuant to HCN CONST. ART. IX § 5 does not require a showing of malfeasance and is akin to a vote of no confidence.
As the Ho-Chunk Nation’s political institutions evolved, even the Court in Coalition backed away from its earlier statements in Coalition in Jacob Lonetree et. Al. v. Robert Funmaker et. Al., CV 00-105 (HCN Tr. Ct. Dec. 12, 2000), when the Court stated that,
though the Court is sympathetic to [the President’s] position that he may not have committed malfeasance as that would be defined by a Court of law, that is not for the Court to judge.... The Court does not accept that it should weigh in and judge matters, such as the substance of malfeasance allegations that are primarily political matters.
Id. at 10, aff'd SU 00-16 (HCN S.Ct. Mar. 16, 2001). That Court did one thing differently than the Trial Court did here. It refrained from acting to impede the decision of the General Council even while pointing out it may have reached a contrary result. See Jacob Lonetree et. Al. v. Robert Funmaker et al., CV 00-105 at 11 n. 5 (HCN Tr. Ct. Dec. 12, 2000) (“this Court is bothered by the tendency of the General Council to dress up policy differences as “malfeasance” in order to justify the removal of politicians but removal is primarily a political act, which Courts should be reluctant to second guess.”). This Court now sanctions that restraint while endorsing the cautioning remarks of the Lonetree decision.
By recognizing the General Council has the authority to decide what constitutes malfeasance in the first instance the Court respects the authority of the General Council decision as a binding political question best left to the electors of the Nation. Tribal elected officials should in future be cautioned to take accountability by the General Council seriously and be prepared to address any alleged malfea- *46 sanee full on before the people who elected them. Here the evidence pointed out that George Lewis did have an opportunity to speak, did not challenge the time limitation imposed on him, did not call supporters to explain his side of the issue, failed to discuss the substance of the contract in question including the fact he had a legal opinion pointing out the failings of the charges against hi m. Moreover, it was George Lewis himself who called the question for the vote on malfeasance.
This Court reiterates its prior holding in Lonetree that while it will safeguard and protect procedural due process of Tribal elected officials in removal cases, it does not endorse the application of substantive due process. While the Court is well aware of the arguments made by George Lewis that the will of the majority of all members who elected him may be undone by a lesser number of disgruntled Tribal members after reaching quorum at a General Council, the Court is mindful also of the need to respect the checks and balances written into the HCN Constitution. These too were voted on by the majority of the Ho-Chunk electorate when adopting the Constitution and this Court will read them to give them their plain meaning.
This Court now turns to the request by the Election Board for guidance in this matter on remand. The practical application of this decision means that the Trial Court is reversed on the issue of likelihood of success on the merits meaning that it should not have granted a preliminary injunction. This does not prejudice George Lewis right to attempt to prove his case is one where procedural irregularities were sufficient to deprive him of due process, however the Trial Court below held that it was not persuaded by this argument so his burden of reversing that conclusion is more difficult. What this means is that the decision of the General Council that George Lewis likely committed malfeasance is presumptively correct and the injunction keeping him in office while he goes to trial to prove his case in chief is dissolved.
This means by extension that the Vice President steps into the shoes of the President pro tempore pursuant to HCN Const. Art. IX § 9(b).[5] Since this is an election year and the General Election is scheduled for the first Tuesday in June 2007, the issue remaining is whether there should be a special election to fill the seat of the Vice President, currently Legislator Wade Blackdeer from Area II, after he steps up to serves as President pro tempore. The first Tuesday in June is the Fifth. This is important because the HCN Const. Art. IX § 9(C) states that if the Legislative seat to be filled for less than three months prior to the General Election the vacant seat, District II, will remain vacant and the HCN Election Board need not conduct a Special Election to fill it on an interim basis. Counting three months back shows that as of the date of this decision there is less than three months remaining in George Lewis term of Office. No Special Election need be held to fill the Area II Legislative seat.
*47 Moreover, given the practicalities of the Election Ordinance which requires that electorate be informed of the need for a special election, candidates getting signatures and filing for office, posting eligible voter lists, accommodating challenges to the voter list, absentee ballots and the like, it would be too short a time period to have a Special Election prior to the already existing primary election scheduled for April 24, 2007.
CONCLUSION
For the above stated reasons, this Court concludes the Trial Court committed error by substituting its judgment as to what constituted malfeasance in the removal of a President pursuant to the Ho-Chunk Nation Constitution. Our Constitution gives the General Council the paramount role in determining what constitutes malfeasance and political office holders ignore its authority at their own peril. This case is reversed and remanded with instructions to dissolve the injunction and to expedite resolution of any remaining issues of the Appellee on remand.
EGI HESKEKJET.

. What SMP stands for was not indicated in the findings of fact.

. An oddity in this case is that the Trial Court dismissed Francis Decorah as a proper party defendant because when the plaintiff below, George Lewis, sued for relief there was no relief Francis Decorah could offer as Chairman of the November 11, 2006 General Council. We find that to be a correct conclusion of law. However, the opposite is not true, Francis Decorah does retain an interest in seeing that the actions he took as Chairman are respected as a binding decision of the General Council pursuant to HCN CONST. ART. IV and therefore has the requisite standing to pursue an appeal.

. The record does not reflect that a Amicus Brief was ever filed by the HCN Dept of Justice.

. Early in this case the Supreme Court indicated the importance to the political continuity of the Ho-Chunk Nation and expedited this appeal. The postponement in this case was at the request of the appellee George Lewis counsel who had a scheduling conflict for an earlier date.

. That provision reads: § 9(b) "If less than twelve (12) months remain before the next General Election, the Vice President shall serve as President pro tempore. If less than twelve (12) months but more than three (3) months remain before the next General Election, the Election Board shall call a Special Election in the appropriate District within thirty (30) days to fill the seat vacated by the Vice President. Upon election of a President at the next General Election, the Vice President shall reassume his seat on the Legislature for the remainder of his term, if any. § 9(c) If less than three (3) months remain before the next General Election, the office shall remain vacant.”