DECISION
PER CURIAM.
This is an appeal from the Ho-Chunk Nation (hereinafter HCN) Trial Court ruling in Forest Funmaker, et al. v. Alvin Cloud, et al., CV 05-86 (HCN Tr. Ct., Feb. 16, 2007). This case was heard by the Court on June 30, 2007, with Chief Justice Hunter, Justice Butterfield and Justice Funmaker presiding. Attorney William F. Gardner represented the Appellants. Attorney Paul Stenzel represented Alvin Cloud and Tonie Lewis, and Attorney Michael Murphy represented the HCN Election Board. This case was extended for thirty (30) days previously due to a delay in appointing Justice Butterfield Pro Tem to continue this case. It is now ripe for decision.
PROCEDURAL HISTORY
On October 6, 2005, Appellants filed a Complaint with the Trial Court and a Motion for Expedited Consideration, which was denied by Judge Matha the following day. On December 19, 2005, Appellee made a Motion for Extension to file Motion for Summary Judgment, a Motion for Default Judgment, and a Motion for Expe *49 dited Consideration. Due to Judge Ma-tha’s recusal, the Trial Court issued a Reassignment Order on December 19, 2005, reassigning the case to Judge Gouty-Yellow. On December 20, 2005, the Trial Court denied the Motion for Expedited Consideration. A short delay then occurs because Judge Gouty-Yellow pro-tem status ended on December 31, 2005 and the Legislature chose not to appoint her full time. Consequently, a new pro tem judge, Judge Vele, had to be assigned. On February 28, 2006, Judge Vele issued another Scheduling Order at the parties’ request, setting a dispositive motions date as March 31, 2006, responses to dispositive motions due by April 7, 2006 and the Tidal date for April 20, 2006. Appellees Mr. Cloud and Ms. Lewis filed a Motion to Dismiss on March 14, 2006, within the dispositive motion deadline. The deadline for dispositive motions is extended to April 7, 2006 with responses by April 14, 2006 at both parties’ request on April 3, 2006. Ap-pellees’ Mr. Cloud and Ms. Lewis filed a Motion for Summary Judgment on April 6, 2006, and Appellants filed a Motion for Summary Judgment on April 7, 2007. Appellee Election Board filed a Motion to Dismiss on April 7, 2006. All dispositive motions were timely filed. All response motions were also timely filed by April 14, 2006. Despite that all motions were filed by April 14, 2006, Judge Vele did not issue her decision until ten months later on February 16, 2007.
DECISION
This case challenges actions of the Chairman of the General Council of the Ho-Chunk Nation held September 17, 2005 regarding a specific resolution voted on in that General Council. Resolution 9-17-05Q. The resolution called for the recall election of then President of the Ho-Chunk Nation George Lewis. The vote on the resolution was 547 yes votes, 507 no votes and 79 people abstained. Despite the apparent majority in favor of passage the Chair of the General Council, Alvin Cloud ruled that the Resolution did not pass because it was less than a majority of those who voted. It is this contention that the plaintiffs challenge. It is conceded that no one challenged the ruling of the Chair of the General Council prior to the General Council being adjourned.
I. Mootness
At Oral Argument the major issue in this case was whether this case was moot due to the prior removal of George Lewis as President of the Ho-Chunk Nation by a subsequent General Council previously upheld by this Court. See George Lewis v. HCN Election Bd. Et. Al., SU 06-07, 2007 WL 5256874, 7 Am. Tribal Law 41 (HCN S.Ct. Apr. 12, 2007). Since then a subsequent Primary and General Election have been held pursuant to the HCN Constitution culminating in the June 2007 election of one of the plaintiffs in this case Wilfrid Cleveland. See Michael Sallaway and Jo Ann Jones v. HCN Election Bd. and Wilfrid Cleveland, SU 07-11, 2007 WL 5256869, 7 Am. Tribal Law 47 (HCN S.Ct. June 29, 2007).
This Court has held in prior cases that if the Court cannot give meaningful relief the case may not be justiciable or capable of resolution. This is just such a case. The major relief the appellants request was for the recall of President George Lewis. President Lewis was removed from office as previously noted and a replacement has been elected to replace him. Therefore, nothing this Court could do would give any substantive review requested by the appellants. This case is therefore moot. Subsequent events to its filing have effected the result originally sought by the appellants and there is no meaningful relief that *50 ordering the Secretary of the General Council of September 17, 2005 to correct the minutes to reflect that Resolution 9-17-05Q passed could accomplish.
The HCN Election Board would then have to hold a meaningless election to recall an office holder who is no longer in the position sought to be removed. The Supreme Court does not endorse requiring such a meaningless act. This Court holds that this case is moot as to its main cause of action.
II. Exceptions to Mootness, Evading Review and Capable of Repetition
The appellants anticipated the holding of this court and argued at Oral Argum ent and in their B rief that the most common exception to mootness is a situation whereby a challenged action is too short in duration to be fully litigated prior to its cessation or expiration and the same or similar action could subject the same party to the same action again. See United States v. Seminole Nation of Oklahoma, 321 F.3d 939 (10th Cir.2002). They argue that another Chair of a General Council could again impose such a ruling regarding what constitutes a majority vote to pass a resolution subsequent to the vote having been taken.
While this is a possibility, due to the respect this Court must accord actions of the General Council as a co-equal branch of government, this Court cannot presuppose such action nor intrude into the procedural rules of how a General Council is to be run. Moreover, this case has already uncovered and suggested that such actions can be challenged within the General Council by members of the General Council itself. Pursuant to Roberts Rules of Order and consistent with the free flowing processes of previous General Councils the ruling of the Chair is subject to challenge from the floor.
Such actions could have been avoided by the consultation of an expert in Roberts Rules of Order, Procedural Rules adopted at the beginning of a General Council Meeting and/or the Chair announcing what will be needed for a measure to pass prior to a vote. Such simple rules make the possibility of similar actions being repeated minimal. Therefore, this Court does not find that the procedural actions are likely to be repeated and capable of evading review.
Furthermore, this Court has noted the procedural oddities in the delay in the resolution of this case. The assignment of a Trial Judge subsequently removed, the presiding Judge recusing themselves due to a potential conflict and the delay in issuing a Decision by a pro tem Judge are an extreme aberration, which this Court does not endorse nor is likely to be repeated. While this Court cannot mandate the speedy resolution of cases it has taken subsequent remedial measures to insure future cases are resolved in a more expedition manner such as reporting all overdue cases to this Court for action. It is suitable that this case ends its tortured voyage on this date.
Therefore, consistent with the above rationale, this case is hereby dismissed as moot.
Egi Heskekjenet.