[REDACTED]
DECISION
INTRODUCTION
This Court must determine whether to uphold or reverse the Trial Court’s decision to terminate ongoing jurisdiction over a child/family [redacted] case. The Court declines to reach the merits of the appeal in light of overriding constitutional considerations. The Court concludes that it lacks subject matter jurisdiction over the appeal, thereby resulting in the affirmance of the Trial Court opinion.
APPELLATE HISTORY
On October 10, 2014, the appellants, by and through Ho-Chunk Nation Department of Justice Attorney Rebecca L. Maki-Wallander, filed a timely appeal of the Trial Court’s final decision.[1] See HCN R. App. P. 7(b)(1), 11(a), available at http://www.ho-chunknation.com/ gover nment/j udiciary/j udicial-rules. aspx. This Court issued a scheduling order on November 1, 2014, in which it accepted the appeal, established briefing deadlines, and scheduled oral argument. Id., Rules 12, 15(a). The appellants filed their brief in support of appeal on November 10, 2014. The appellee, [redacted], by and through Attorney David R. Armstrong, filed his responsive brief on December 9, 2014, followed by the appellants’ reply brief on December 15, 2014. The Court convened oral argument on February 28, 2015, at 1:00 p.m. CST.
DECISION
This Court possesses the constitutional authority “to interpret and apply the ... laws of the Ho-Chunk Nation,” and may render binding “conclusions of law.” HCN Const., art. VII, §§ 4, 7(a), available at http://www.ho-chunknation. com/government/ the-constitution-of-the-ho-chunk-nation.aspx. When reviewing questions of law, the Court employs a de novo standard of review, meaning that it examines a matter anew. Hope B. Smith v. Ho-Chunk Nation et al, SU 03-08 (HCN S.Ct., Dec. 8, 2003) at 5 n. 3. The Court resolves the present appeal by means of applying essential constitutional principles.
Once a litigant files an initial pleading, the Trial Court becomes obligated to perform its most rudimentary inquiry. The Court must preliminarily determine whether the alleged dispute “aris[es] under the Constitution, laws, customs, [or] the traditions of the Ho-Chunk Nation.” HCN Const., art. VII, § 5(a). In most instances, the Court must either discern or verify whether the Ho-Chunk Nation Legislature has “enacted a law to which the HCN Trial Court can apply to [a] case.” Ho-Chunk Nation v. Harry Steindorf et al., SU 00-04 (HCN S.Ct., Sept. 29, 2000) at 5. The existence of such a dispute “grants the HCN Courts subject matter jurisdiction,” id. at 3, and this jurisdictional underpinning must continue to exist at every stage of the litigation, including throughout an appeal. Sadat v. Mertes, *229 615 F.2d 1176, 1188 (7th Cir.1980).[2] A court should independently monitor whether subject matter jurisdiction persists since a judicial act taken in its absence is presumptively null and void. Arbaugh v. Y&H Corp., 546 U.S. 500, 514, 126 S.Ct. 1235, 163 L.Ed.2d 1097 (2006).
The Children’s Act provided the applicable law in the instant case. Specifically, the Legislature entrusted the Trial Court with “authority to issue all Orders necessary to ensure the safety of children within the Hock community.” 4 HCC § 3.7a(l). The Court may permissibly exercise this broad civil jurisdiction “under th[e] Act ... until the [subject] child becomes eighteen (18) years of age ... at which time the continuing jurisdiction of the Court shall terminate.”[3] Id., § 3.7d. In this regard, [redacted], DOB [redacted], obtained the age of majority [redacted], [redacted], [redacted] after the filing of the appellants’ reply brief.
As of [redacted], 201[redaeted], the Supreme Court lacked constitutional authority to further entertain the merits of the appeal. In order to prolong appellate review, the appellants invited the Court to employ a federally-established exception to the mootness doctrine,[4] which otherwise limits judicial review of disputes where the injury giving rise to the case no longer remains present. See Lona Decorah v. Ho-Chunk Nation, PRC 93-040 (HCN S.Ct., Feb. 22, 1996) at 1. However, the Court is not merely confronting a non-justiciable case or controversy,[5] but rather an absolute barrier to perform a judicial function. As a result, the Court is compelled to dismiss the appeal due to a lack of subject matter jurisdiction.
AFFIRMED.
EGI HESKEKJET.

. The Trial Court received the underlying Child/Family [redacted] Petition on October 19, 2012, and it exercised exclusive original jurisdiction over the matter until termination of the action on September 22, 2014. Order (Termination of Jurisdiction), JV 12-31 (HCN Tr. Ct., Sept. 22, 2014); see also HCN Children & Family Act ("Children’s Act”), 4 HCC § 3.[redacted], available at http://www.ho-chunknation.com/government4egislature/ codes-statutes/codes.aspx.

. This Court references external case law as persuasive, not binding, authority, and in an attempt to demonstrate a consistent approach to basic legal principles. "[O]nly decisions by this [C]ourt are limitations on the Trial Court.” Jacob LoneTree et al. v. Robert Funmaker. Jr. et al., SU 00-16 (HCN S.Ct., Mar. 16, 2001) at 4.

. During the pendency of the proceeding, the Legislature amended the Children’s Act to extend jurisdiction past the age of majority, provided that the adult remains engaged in an educational program for purposes of earning a high school diploma. HCN Leg. Res. 10-07-140 at 3. The parties, however, stipulated that this amendment does not impact the situation under review.

. The Court refuses to dispatch legitimate jus-ticiability concerns by resorting to constitutionally suspect prudential notions. See, e.g., Honig v. Doe, 484 U.S. 305, 335, 108 S.Ct. 592, 98 L.Ed.2d 686 (1988) (Rehnquist, C.J., concurring) (contending that the Case & Controversy Clause cannot be susceptible to judicially created exceptions); cf. Forest Funmaker et at v. Alvin Cloud, in his capacity as Chairperson for 2005 Gen. Council, et al., 7 Am. Tribal Law 48 (HCN S.Ct.2007) at 4-5 (acknowledging, but refusing to apply a federal mootness exception). Instead, the Court has repeatedly maintained that it cannot act outside the parameters of its delegated judicial authority. See, e.g., George Lewis v. HCN Election Bd. et al., SU 06-07 (HCN S.Ct., Apr. 13, 2007) (vacating a segment of a final order that offered an impermissible advisory opinion); see also HCN Const., art. IV, § 2.

."The HCN Courts have held that the person who alleges harm has to have some actual injury, which the Court can redress by its actions.” Timothy G. Whiteagle et al. v. Alvin Cloud, Chairman of the Gen. Council, SU 04-06 (HCN S.Ct., Jan. 3, 2005) at 11; see also HCN Const., art. VII, § 5(a).